Taft, J.
In his charge to the jury the trial judge stated in part:
“In order to constitute the crime of attempt to have carnal knowledge, as hereinbefore explained to you, there must be proved not only the existence of a criminal intent, or, in other words, a criminal purpose, but there must have been coupled with such criminal intention to have sexual intercourse an overt, substantive *351 act apparently adapted to perfect that intent, that is, some concomitant act or movement toward the execution of that purpose or intention, some physical action or movement adapted to and approximating a gratification of sexual passion of the defendant to have carnal knowledge of the said Vera Kohnt, as herein defined, forcibly and against her will. * * *
“The terms ‘rape’ and ‘attempted rape’ have been used * * *
“Now, members of the jury, in connection with an attempt to rape under the statute as given to you in relation thereto, said term may be defined to be a physical effort toward the accomplishment of the object of sexual intercourse. The attempt must be proved to have been made under such circumstances that accomplishment of the object was possible when the'attempt was made, except for the interference of some 'cause which prevented its consummation. To sustain a conviction of attempted rape, under the indictment, in the first count of the indictment, the testimony must show that the defendant had a purpose, at the time of the attempt, to have sexual intercourse with the prosecuting witness, and also that he intended his acts to be consummated in sexual copulation with the prosecuting witness * * *
( i * * *
* * You will consider the evidence on this point, and if you are convinced beyond a reasonable doubt that there was carnal knowledge with the complaining witness and against her will, or an attempt to have such carnal knowledge with the complaining witness and against her will, and you find these facts to exist beyond the existence of a reasonable doubt, you would be justified in returning a verdict of guilty on said count.
“The terms having been used, and necessarily so, the terms of ‘rape’ and ‘attempted rape,’ the court now *352 tries to explain said terms to yon a little more clearly. While the elements of rape have been described to you to some extent, the court further says that the only real difference between the two offenses is that in rape the attempt to have sexual intercourse is successful, and in the other it is unsuccessful.” (Emphasis added.)
Section 12421, General Code, under which defendant was indicted, reads:
“Whoever assaults another with intent to kill, or to commit robbery or rape upon the person so assaulted, shall be imprisoned in the penitentiary not less than one year nor more than fifteen years. ’ ’
From the words of the charge, as hereinbefore quoted, it is apparent that the jury was told that defendant could be convicted for acts which might not have amounted to an assault.
In the court’s opinion in Fox v. State, 34 Ohio St., 377, 379, it is said:
“Under our statute, an attempt to commit rape is not an offense, unless the intent to commit it is accompanied with some act or movement toward its accomplishment which constitutes an ‘assault.’ The question, therefore, is: Are the words ‘ attempt to commit rape, ’ in their ordinary meaning, the exact equivalent of the words ‘assault with intent to commit rape?’ We think not, but that the former phrase may describe a state of facts which does not constitute an assault with intent to ravish.
C i * *
“The distinction may be thus defined: An assault is an act done toward the commission of a battery; it must precede the battery, but it does so immediately. The next movement would, at least to all appearance, complete the battery. While an act constituting an attempt to commit a felony may be more remote * * * ‘ the overt act done in the attempt to commit an offense *353 need not be the last proximate act prior to the consummation of the felony intended to be perpetrated.’ ” See, also, State v. Farmer, 156 Ohio St., 214, 216, 102 N. E. (2d), 11.
It is apparent, therefore, that a charge is erroneous if it is such as to permit the jury to believe that it may find a defendant guilty of an assault with intent to rape if it merely finds the defendant guilty of an attempt to rape. The charge of the court as quoted above did just that. There may be an attempt to commit rape without an assault with intent to commit rape.
The charge of the court as hereinbefore quoted was clearly erroneous and prejudicial to defendant. It is, therefore, unnecessary to consider the other errors assigned.
The judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for further proceedings.

Judgment reversed.

Middleton, Matthias, Hart, Zimmerman and Stewart, JJ., concur.